UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE COMMONWEALTH OF ) | Case No. 1:09-cv-11623 |
| MASSACHUSETTS, ) | |
| ) | |
| and ) | |
| ) | |
| MASSACHUSETTS DEPARTMENT ) | |
| OF CORRECTION, ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Plaintiff United States ("Plaintiff") and Defendants Commonwealth of Massachusetts and the Massachusetts Department of Correction ("Defendants") have agreed to entry of this Protective Order in the interest of expediting discovery and timely complying with the Court's Scheduling Order entered on February 3, 2010.

**Good cause having been shown, IT IS HEREBY ORDERED** as follows:

1. "Personal Data" is any information concerning an individual which, because of name, identifying number, mark or description can be readily associated with a particular individual (*see* M.G.L. 66A § 1); provided, however, that such information is not contained in a public record, as defined in M.G.L. c. 4, § 7(26), and shall not include intelligence information, evaluative information or criminal offender record information as defined in M.G.L. c. 6 § 167.

2. After balancing Plaintiff's compelling need for documents containing Personal Data in this lawsuit involving enforcement of Title VII of the Civil Rights Act of 1964 by the United States Department of Justice against the potential injury caused by the disclosure of such Personal Data in this matter, the Court orders Defendants to provide Plaintiff with documents containing Personal Data, finding that the non-disclosure provision of the Massachusetts Fair Information Practices Act, M.G.L. c. 66A, § 2(c) must give way to the compelling federal interest in this case.[1] In the interest of expediting discovery and timely complying with this Court's Scheduling Order entered in on February 3, 2010, and in light of the Court's determination that Personal Data must be provided to Plaintiff, the Court finds that the purposes of M.G.L. c. 66A, § 2(k)'s, notice-and-opportunity-to-oppose provisions[2] cannot be served in these circumstances and accordingly that Defendants shall provide the data without giving such notice to the more than 1,000 data subjects whose Personal Data will be provided to Plaintiff.

3. Nothing in this Protective Order is intended to, nor shall, in any way, alter the obligations imposed upon holders of Personal Data by the Massachusetts Fair Information Practices Act, M.G.L. c. 66A, in any future action, investigation or matter. This Protective Order is entered solely for the purposes of this litigation.

I. **Limitations on Disclosure of Personal Data**

4. The Parties will use reasonable efforts to minimize the amount of Personal Data disclosed in this action.

---

[1] M.G.L. c. 66A, § 2(c) states that a holder of Personal Data will "not allow any other agency or individual not employed by the holder to have access to Personal Data unless such access is authorized by statute or regulations which are consistent with the purposes of this chapter or is approved by the data subject whose Personal Data are sought . . . ."

[2] M.G.L. c. 66A, § 2(k) states that a holder of Personal Data should "maintain procedures to ensure that no Personal Data are made available in response to a demand for data made by means of compulsory legal process, unless the data subject has been notified of such demand in reasonable time that he may seek to have the process quashed."

5.  The Personal Data disclosed in connection with this action shall be used solely for the purposes of this litigation and may, without further agreement by the parties, be disclosed to the following persons:

a.  Attorneys, legal assistants, paralegals, secretaries and other employees of the parties;

b.  Experts, consultants or contractors retained by the parties with respect to this action and their staff;

c.  Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial), subject to paragraph 6 below;

d.  This Court and its staff; and

e.  Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

6.  Before making a disclosure of documents containing Personal Data described in paragraph 1 to persons listed in paragraph 4(a) through and including paragraph 4(e), such persons shall be advised of the terms of this Protective Order and be given a copy of it; and such persons shall be required to execute a non-disclosure agreement in the form of Attachment A. The signed non-disclosure agreement shall be retained by counsel for the party making the disclosure.

**II.  Use of Personal Data**

7.  Information designated as Personal Data shall be used solely for the purpose of prosecution or defense of this action, and documents or information containing Personal Data may be used, consistent with the terms of this Protective Order, in pretrial discovery, at the trial or in preparation for trial, and in any appeals of this action.

3

8. Portion(s) of deposition transcripts (including deposition exhibits) that a party contends constitutes Personal Data may be designated by the party as Personal Data subject to this Protective Order. Any such designation must be made by a party within ten (10) calendar days after the deposition transcript is provided to the party.

9. Any party may designate any documents produced or exchanged between the United States, the Commonwealth and the MDOC, or any part of a document, as Personal Data subject to this Protective Order. Where a document contains both Personal Data and information that is not Personal Data, only the portion that constitutes Personal Data shall be so designated.

10. Any information obtained in discovery which a party believes constitutes Personal Data shall be so designated, and shall be marked CONFIDENTIAL CONTAINS PERSONAL DATA – SUBJECT TO A PROTECTIVE ORDER.

11. All documents and information so designated as Personal Data and all copies thereof shall not be disclosed except as provided in this Protective Order; provided, however, that counsel for the party designating information as Personal Data may, in writing and without Court approval, agree to release any of the Personal Data from the requirements of this Protective Order.

12. If any document which reveals Personal Data is filed with the Court, the portion(s) of the document which constitute Personal Data shall be redacted from the document, and the redacted copy of the document shall be filed with the Court in the usual manner. ~~If the parties cannot agree as to what portions of document are to be redacted as containing "Personal Data," then an unredacted copy of the document shall be delivered to Court and to opposing counsel enclosed in~~

~~sealed envelopes bearing the caption of this action, indicating the nature of the contents and that the envelope bears Personal Data subject to~~ this Protective Order. 

13.     Nothing in this Protective Order is intended to, nor shall, inhibit in any way, the use of the information described in paragraph 1 by Defendants in their ordinary course of business.

14.     If Personal Data subject to this Protective Order is disclosed inadvertently or otherwise to any person other than in the manner authorized by this Protective Order, then the party responsible for the disclosure must, immediately upon learning of the disclosure, inform counsel for the opposing party of all pertinent non-privileged facts relating to such disclosure in writing and shall make reasonable efforts to prevent any disclosure by each unauthorized person who received Personal Data.

### III.    Objections to Designation as Personal Data

15.     Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

a.    operate as an admission by any party that any particular discovery material contains or reflects any Personal Data;

b.    prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

c.    prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered Personal Data.

16.     The party who has not designated part of a deposition transcript, deposition exhibit or other document as Personal Data may object to that designation.

17. In the event that objection is made, counsel for the parties shall promptly, but in no more than five (5) business days from the date of the objection, make a good faith effort to resolve the matter. Failing such resolution, the Objecting Party may make a motion to the Court to contest the designation as Personal Data. The Designating Party shall bear the burden of demonstrating that the material is properly designated as Personal Data pursuant to this Protective Order. In the event of a failure to reach agreement upon the designation as Personal Data, the designation as Personal Data shall remain in effect unless or until the objecting party brings an appropriate motion and prevails on said motion.

### IV.  Destruction of Documents Containing Personal Data

18. The provisions of this Protective Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Protective Order. Within ninety (90) calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), Plaintiff shall destroy all documents or part thereof designated as Personal Data, and all copies thereof in its possession, including documents or parts thereof containing such information in the possession of all persons hired or retained by Plaintiff to assist in connection with this litigation.

### V.  Right to Seek Modification

19. Any party may at any time and for any reason may seek modification of this Protective Order upon a motion duly made pursuant to the Federal Rules of Civil Procedure and the rules of this Court.

IT IS SO ORDERED *as modified*

DATE: *March 1, 2010*

_____
William G. Young
United States District Court Judge